## THOMAS COLLINS and GEORGE RICHARDS v. SAMUEL CARWITHIN and RODERICK LEWIS and MARY, his Wife, Guardian, etc.

Court of Common Pleas. Sussex. May 5, 1797.

*Wilson's Red Book, 166.*

*Batson* and *Miller* for plaintiffs. *Wilson* for defendants.

Motion to amend the writ by striking out "Roderick Lewis and wife as guardian etc." 1 Str. 581, *Wilson* said it must be on payment of costs.

PER CURIAM. It may be done on payment of costs of the term.

The *narratio* was then filed in these words, *viz:*

Sussex County ss.

And whereupon the said Thomas and George by I. W. B., their attorney, say that whereas they and the said Samuel Carwithin together and undivided do hold 600 acres of land called and known by the name of the Brooktract in Cedar Creek Hundred in the County of Sussex aforesaid with the appurtenances. [They requested] to hold the same in severalty, so that the said Thomas and George of their said several parts belonging to them of the tenements aforesaid with the appurtenances and the said Samuel Carwithin of his own moiety belonging to him of the tenements aforesaid with the appurtenances may severally apportion themselves; he the said Samuel Carwithin denies partition to be made thereof between them according to the form of the statute in such case made and provided and unjustly permits not the same to be done and contrary to the form of the said statute, whereupon they say that they are injured and have damages to the value of £1000 and therefore they bring suit etc.

*Non tenent insimul,* etc.

Plaintiffs showed a title and possession in themselves, and a deed to defendant's grandfather which recited part of the plaintiffs' title, etc.

The material part of the deeds made at the division of title was thus: "The one moiety of the said 600 acres of land, and that moiety and that part that lies next adjoining upon the land of William Bellamy" and "the said remaining residue and other moiety of the said 600 acres etc." Bellamy's line was proved to

be on the north, and that plaintiffs and those under whom they claim had possessed almost a century next to it. Some of their later deeds call their moiety 280 acres and give course and distance for it, but the division of the 600 acres into two parts was not proved to be well defined.

*Wilson.* Tenants in common occupy promiscuously, have a unity of possession, and no one can tell which part certainly is his own, 2 Bl.Comm. 191, 192. Tenants in common are liable to reciprocal actions of waste and of account, 2 Bl.Comm. 194, 3 Bac.Abr. 219. The grant of the moiety next adjoining Bellamy's line made a tenant in severalty. He knew where to possess and he must take care not to occupy more than 300 acres. Ejectment is remedy if he had no title. He certainly was not liable to waste for the destruction of a smaller quantity next to Bellamy's line, nor could he have account for the profits of the south end of the tract, which might be much more valuable. Partition only lies in case of joint tenants, parceners, and tenants in common, and not in every [case] where the bounds of a possession are badly defined.

*Miller* denied that where the part or parcel can be ascertained it is not a tenancy in common, and said grant to *A* of 300 acres, part of 600 acres to the south, and 300 acres to *B,* part of the said 600 acres to the north, is a tenancy in common!

PER CURIAM. BASSETT, C. J. This is an action of partition. In this action the plaintiff comes forward to show he is a tenant in common, and it is incumbent upon him to show he is a tenant in common, and he must show he has a right to enter into all and any part of the land. The plaintiff's first deed is Pile's deed for 300 acres out of the 600 acres adjoining the lands of Bellamy. The court have no doubt that the conveyance does not make them tenants in common with defendant. This transaction took place one hundred years ago, and there is no evidence that the owners of these lands ever occupied them as tenants in common, but separately and dividedly ever since. Is there not a strong presumption that there is a line established anciently, seeing they have so possessed so long? There is no evidence in this cause that shows us that plaintiffs and defendants are tenants in common.

Verdict. That defendants do not hold together and undivided the lands and tenements in the declaration mentioned with the plaintiffs.